## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MISSOURI
#### CENTRAL DIVISION

| | |
|---|---|
| JANE ROE, | CIVIL ACTION NO. 05-4333-CV-C-DW |
|     Plaintiff, | |
| | ORDER AND JUDGMENT OF |
| v. | PRELIMINARY INJUNCTION |
| LARRY CRAWFORD, Director of the Missouri Corrections, in his official capacity, and CYNDI PRUDEN, Acting Superintendent, Women's Eastern Reception, Diagnostic and Correctional Center, in her official capacity, | |
|     Defendants. | |

### ORDER AND JUDGMENT OF PRELIMINARY INJUNCTION

On October 13, 2005, the Court held a telephone conference on the Verified Complaint, Motion and Affidavits filed by Plaintiff. Plaintiff appeared by counsel, Thomas Blumenthal. Defendants appeared by counsel, Michael Pritchett, Missouri Assistant Attorney General. After considering the arguments made by counsel, the Court grants Plaintiff's Motion for a Preliminary Injunction.

The Court finds there are sufficient facts to suggest the following:

Plaintiff is a pregnant female over the age of eighteen (18) years who desires to terminate her pregnancy. It appears that when measured from the first day of her last menstrual period (lmp) Plaintiff is approximately 16 – 17 weeks pregnant. She is currently incarcerated at WERDCC. Medical services to terminate a pregnancy are not offered at WERDCC, the detention facility. The nearest clinic that performs medical services to terminate pregnancy at Plaintiff's stage of pregnancy is Reproductive Health Services of Planned Parenthood of St. Louis (RHS) located at 4251 Forest Park

Avenue, St. Louis, MO 63108. A procedure such as the one being sought is only performed on Fridays, and requires one, possibly two days to perform safely, depending on the actual condition of the patient after examination. The longer the procedure is delayed, the greater the risk attendant to the procedure to the Plaintiff, and the more certainly the procedure will require two days.

While Defendants have previously provided transportation and security to RHS for persons confined seeking such a procedure, which was the status quo until at least some time in 2004, Defendants have in this instance refused to allow Plaintiff to leave the premises to have this outpatient surgery performed. Plaintiff has made some reasonable effort to obtain the procedure but has not been able to do so. She therefore is without an adequate remedy at law and will suffer irreparable harm if equitable relief is not granted by this Court. The public interest, or the expressed interest of the State of Missouri as defined in their legislative public policy, is in promoting a policy where woman carry pregnancy to term, and is in conflict with the interests of the Plaintiff.

The Court further finds as matter of law, that it has jurisdiction over this matter. The law is now well established that federal courts have declared that a woman has a constitutional right to choose to terminate a pregnancy rather than carry the pregnancy to term. That right is of a limited duration. While a State may express its public policy, it may not create undue burdens upon a woman's exercise of her right to choose, and may not prohibit the exercise of that right or place substantial obstacles in the way of the exercise of that right. *Planned Parenthood v. Casey,* 505 U.S. 833 (1992); *Stenberg v. Carhart*, 530 U.S. 914 (2000). It is also clearly established that these rights of the woman survive incarceration. *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 334 n.11 (3d Cir. 1987), *cert. denied*, 486. U.S. 1006 (1988).

The Court therefore finds that any balancing test at this stage of pregnancy favors the rights of the Plaintiff and that injunctive relief is appropriate and should issue.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is GRANTED; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants shall transport Plaintiff Jane Roe to Reproductive Health Services of Planned Parenthood of St. Louis (RHS) located at 4251 Forest Park Avenue, St. Louis, MO 63108 or any other local health care provider willing to provide the service on an expedited basis, on the earliest date an appointment is available, preferably Friday, October 14, 2005, for the purpose of providing medical services to terminate her pregnancy, including, but not limited to any necessary counseling, education, surgery, and follow-up services, for a period of no more than 48 hours. Plaintiff shall post a cash bond of $1.00 security in order to secure this Order.

The parties shall provide the Court with a proposed scheduling order in the ordinary course of scheduling, but within no more than 45 days, to establish a schedule to determine whether Defendants shall be permanently prohibited from denying prisoners access to medical services to terminate pregnancy, but Defendants are temporarily enjoined from denying such access until further order of this Court.

SO ORDERED.

October 13, 2005 at 3:45 p.m.

                                           /s/ DEAN WHIPPLE
                                      H. DEAN WHIPPLE, District Judge
                                      United States District Court for the
                                      Western District of Missouri