IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JANE ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-04333-CV-C-DW |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND MODIFIED JUDGMENT OF PRELIMINARY INJUNCTION

On October 13, 2005, the Court held a telephone conference on the Verified Complaint, Motion and Affidavits filed by Plaintiff. Plaintiff appeared by counsel, Thomas Blumenthal. Defendants appeared by counsel, Michael Pritchett, Missouri Assistant Attorney General. After considering the arguments made by counsel, the Court granted Plaintiff's Motion for a Preliminary Injunction. The Defendants failed to comply with the Court's Order. Pending now before the Court is Defendants' Motion to Stay or Suspend the Preliminary Injunction Pending Appeal and Request for Expedited Ruling (Doc. 8).

I.      Motion to Stay

Defendants move to stay execution of the Court's Order dated October 13, 2005, granting a preliminary injunction in favor of Plaintiff Roe pending appeal. FED. R. CIV. P. 62(c).

The factors to be considered in determining whether to issue a stay pending appeal are: (1) whether the movant is likely to succeed on the merits; (2) whether movant will suffer irreparable injury unless the stay is granted; (3) whether substantial harm will come to other interested parties; and (4) whether the stay will do no harm to the public interests. James River

1

Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir. 1982).

Defendants' Motion to Stay is merely a recitation of the points in opposition made at the October 13, 2005 Preliminary Injunction Hearing. For the reasons stated in the Court's Order of October 13, 2005, Defendants' Motion is DENIED. Union Oil Co. of California v. Leavell, 220 F.3d 562, *565 -566 (C.A.7 (Ill.) 2000) (internal citations omitted) ("A judge may – and should – enforce an un-stayed injunction while an appeal proceeds...").

Defendants are hereby ORDERED to carry out the Court's Modified Judgment of Preliminary Injunction set forth below.

II. Modified Judgment of Preliminary Injunction

    A. Factual Background

Plaintiff Roe is a pregnant female over the age of eighteen (18) years who desires to terminate her pregnancy. It appears that when measured from the first day of her last menstrual period Plaintiff is approximately 16 - 17 weeks pregnant. She is currently incarcerated at Women's Diagnostic and Correctional Center (WERDCC). Medical services to terminate a pregnancy are not offered at the detention facility. The nearest clinic that performs medical services to terminate pregnancy at Plaintiff's stage of pregnancy is Reproductive Health Services of Planned Parenthood of St. Louis (RHS) located at 4251 Forest Park Avenue, St. Louis, MO 63108. A procedure such as the one being sought is only performed on Fridays, and requires one, possibly two days to perform safely, depending on the actual condition of the patient after examination. Defendants' conduct of delaying the procedure creates an increased health risk to Plaintiff as well as an increased cost of the two day procedure.

Defendants have previously provided transportation and security to RHS for detainees seeking such a procedure. Such transportation was the status quo until at least some time in 2004. Defendants in this instance have refused to allow Plaintiff to leave the premises to have this outpatient procedure performed. Plaintiff has made some reasonable effort to obtain the procedure but has been unable to do so.

Plaintiff brings two constitutional claims. First, she alleges that the prison's policy that female prisoners will not be sent out of their institutions for abortions that are not medically necessary deprives her of her Fourteenth Amendment right to reproductive choice. Second, Plaintiff alleges that by forcing her to carry her unwanted pregnancy to term, WERDCC evinces a deliberate indifference to her serious medical needs in violation of the Eighth and Fourteenth Amendments' prescription of cruel and unusual punishment. Plaintiff requests a preliminary injunction requiring the Defendants to transport her to a local health care provider for the purpose of providing medial services to terminate her pregnancy. For the following reasons, Plaintiff's Motion is GRANTED.

    B.    <u>Preliminary Injunction</u>

It is well settled law that a plaintiff's application for preliminary injunctive relief involves the court's examination of the following four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest. <u>Dataphase Sys., Inc. v. C L Sys., Inc</u>., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Considering the parties' respective positions in light of these guidelines, and for the

following reasons, the Court finds that Plaintiff is entitled to the injunctive relief sought.

1. <u>Threat of Irreparable Harm to the Movant</u>

The United States Supreme Court has made clear that the denial of a woman's right to choose to terminate her pregnancy constitutes irreparable injury:

> The detriment that the State would impose upon the pregnant woman by denying this choice altogether is apparent. Specific and direct harm medically diagnosable even in early pregnancy may be involved. Maternity, or additional offspring, may force upon the woman a distressful life and future. Psychological harm may be imminent. Mental and physical health may be taxed by child care. There is also the distress, for all concerned, associated with the unwanted child, and there is the problem of bringing a child into a family already unable, psychologically and otherwise, to care for it.

<u>Roe v. Wade</u>, 410 U.S. 113, 153 (1973).

Further, it is well-accepted that a substantial dely in the decision to abort increases the risks associated with the procedure. <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 643 F. Supp. 1217 (D.N.J. 1986) <u>aff'd</u> 834 F.2d 326 (3d Cir. 1987); <u>See also</u> <u>Williams v. Zbaraz</u>, 442 U.S. 1309, 1314 (Stevens, J., sitting as Circuit Justice) (increased risk of "maternal morbidity and mortality" supports claim of irreparable injury). Defendants' conduct denies Plaintiff the right to choose to terminate her pregnancy and has already delayed Plaintiff's procedure by six weeks. Complaint at ¶ 24. Further delay by Defendants may cause Plaintiff substantial injury, exposing her to increased medical, financial, and psychological risks. Thus, the Court finds that Plaintiff has established the requisite irreparable injury.

2. <u>Balance of Harm</u>

Defendants contend that to accommodate Plaintiff's request they will suffer harm outweighing that suffered by Roe. They argue the public risks harm any time a prisoner is

4

removed from a facility and that as accommodation of Plaintiff's request requires official supervision, fewer officers at the facility puts both the officers and the inmates at risk. will substantially increase the risk to the public. As discussed above, further delay of Plaintiff's request will cause Plaintiff irreparable harm. The Court finds that equities balance in the Plaintiff's favor.

    3.   Probability of Success on the Merits

Plaintiff has established the probability of ultimately succeeding on the merits of this case. In determining the constitutionality of prison regulations, the Supreme Court has held "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 107 (1987). In Roe v. Wade, the Supreme Court held that "[the] right of privacy ... is broad enough to encompass a woman's decision whether or not to terminate her pregnancy." 410 U.S. at 153. A woman's constitutional right to choose an abortion survives incarceration and must be justified by a legitimate penological objective. Monmouth County Corr. Institution Inmates v. Lanzaro, 834 F.2d 326, 334 n.11 (3d Cir. 1987).

Legitimate penological interests include the deterrence of crime, rehabilitation of prisoners and institutional safety. Lanzaro, 834 F.2d at 333. Defendants argue that the prison policy not to transport female prisoners out of the institution for abortions that are not medically necessary is reasonably related to the penological interests of security and cost. These interests, however, are not legitimate penological interests. Id. at 336 ("[A]ll other things being equal, inmates who wish to have an abortion pose no greater security risk than any other inmate who

5

requires outside medical attention.").

Second, Plaintiff contends that Defendants' conduct violates her Eighth Amendment rights, as applied to the States, through the Fourteenth Amendment. The Court agrees that a prison official's deliberate indifference to a serious medical need violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

### 4. Public Interest

Finally, granting the preliminary injunction will do no harm to the public interest. Defendant argues that transporting Plaintiff for a nontherapeutic abortion will harm the "state's public policy, reflected by its statutes (see, e.g., Mo. Rev. Stat. §§ 188.100 to 188.220), to discourage abortions and encourage childbirth." (Defs.' Mot to Stay at 6.) The Eighth Circuit, in agreeing with the State's interpretation of the statute, has held that the statute "does not prevent state employees from arranging for abortion procedures for inmates or from transporting and escorting inmates to abortion facilities." Reproductive Health Serv. v. Webster, 851 F.2d 1071, 1084, rev'd on other grounds, 492 U.S. 490 (1989).

Conversely, the public interest demands that an injunction enjoin a policy which impinges on Roe's constitutional rights and privileges.

II.     Conclusion

Pursuant to the Court's Modified Judgment of Preliminary Injunction, Defendants are directed to transport Plaintiff to Reproductive Health Services of Planned Parenthood of St. Louis (RHS) located at 4251 Forest Park Avenue, St. Louis, MO 63108 on Saturday, October 15, 2005 at 9:00 A.M. for the purpose of providing medical services to terminate her pregnancy, including, but not limited to any necessary counseling, education, surgery, and follow-up services, for a period of no more than 48 hours.

Absent a stay granted by the Eighth Circuit Court of Appeals prior to Saturday, October 15, 2005 at 9:00 A.M., an application for a stay of this Modified Order does not authorize Defendants to refuse to carry out its terms.  This Court will not tolerate further defiance of its Orders.

IT IS SO ORDERED
October 14, 2005 at 2:57 p.m.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: October 14, 2005