IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JANE ROE,[1] individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LARRY CRAWFORD, Director of the Missouri Department of Corrections, in his official capacity,<br>Serve:<br>Larry Crawford<br>Director, Missouri Department of Corrections<br>2729 Plaza Drive<br>Jefferson City, MO 65109<br><br>and<br><br>CYNDI PRUDEN, Acting Superintendent, Women's Eastern Reception, Diagnostic and Correctional Center, in her official capacity,<br>Serve:<br>Cyndi Pruden<br>1101 E. Hwy 54<br>Vandalia, MO 63382<br><br>Defendants. | CIVIL ACTION No. 05-4333-CV-C-DW<br><br>**SUPPLEMENTAL AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

The Plaintiff, pursuant to Federal Rule of Civil Procedure 15(a), files this Supplemental Amended Complaint as a matter of course as no responsive pleading has been filed by the State to the original Complaint.

---

[1] Plaintiffs are permitted to proceed under a pseudonym in termination of pregnancy cases. *See Singleton v. Wulff*, 428 U.S. 106, 177 (1976) (plurality opinion) (approving pseudonym as justified "by a desire to protect the privacy of her decision from the publicity of a court suit"). Plaintiff is withholding her name for reasons of privacy and in order to comply with the E-Government Act of 2002. Plaintiff will provide her name and prisoner identification number under

# INTRODUCTION

1a. Plaintiff Jane Roe brings this action on behalf of herself and all others similarly situated. This Supplemental Amended Complaint For Declaratory and Injunctive Relief incorporates all verified allegations contained in Plaintiff's Verified Complaint for Declaratory and Injunctive Relief, filed October 12, 2005.

1b. This is a civil rights action challenging Defendants' denial of access to medical care to Plaintiff Jane Roe, a prisoner at the Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC"), and others similarly situated within the penal system, pursuant to a newly enacted Department regulation. Plaintiff is at the beginning of the second trimester of her pregnancy. She seeks access to a local medical facility where she can obtain medical services to terminate her pregnancy. Defendants have refused to release and transport Plaintiff for this procedure even though Defendants provide access to outside health care providers for other prisoners in need of outpatient medical care. As a result, Plaintiff cannot obtain the medical services she needs to terminate her pregnancy.

2. Defendants' policy violates the constitutional rights of Plaintiff, and others similarly situated, in two ways. First, pursuant to the policy, the Defendants deprive pregnant inmates of their Fourteenth Amendment right to reproductive choice. No legitimate penological interest justifies this deprivation. Moreover, by forcing Plaintiff to carry her unwanted pregnancy to term, Defendants evince deliberate indifference to her serious medical needs in violation of the

---

seal upon request of counsel or Order of Court. See, Paragraph 7, below.

Eighth and Fourteenth Amendments' proscription of cruel and unusual punishment. For these reasons, the DOC policy is invalid and Defendants should be enjoined from enforcing it.

## **JURISDICTION AND VENUE**

3. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4. This Court has jurisdiction to issue the declaratory relief requested pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure.

5. Venue is proper in the Western District of Missouri, Central Division, pursuant to 28 U.S.C. § 1391(b). Plaintiff is currently incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center, in Vandalia, Missouri, which is subject to the jurisdiction of the Missouri Department of Corrections. The State is being sued through the Department Director in his official capacity. The Director is located in Jefferson City, Missouri, in this District, Central Division.

## **PARTIES**

6. Plaintiff Jane Roe is a female over the age of eighteen years. She is an inmate in the custody of the Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC). She is pregnant and wishes to terminate her pregnancy. She has been sentenced to four years incarceration and has served two months of her sentence.

7. Plaintiff brings this action under a pseudonym in order to preserve her privacy and confidentiality, as well as to protect herself from harassment, public embarrassment, and humiliation.

8. Defendant Larry Crawford is the Director of the Missouri Department of Corrections (DOC). He is responsible for the care and custody of all inmates housed by the DOC. He is also responsible for promulgating and implementing the policies of the DOC. All actions of DOC employees alleged in this action were undertaken or carried out pursuant to the policies and direction of Defendant Crawford and/or were ratified by Defendant Crawford. Defendant Crawford is sued in his official capacity.

9. In all actions and at all times relevant to this action, Defendant Crawford and his agents were acting under color of state law.

10. Defendant Cyndi Pruden is an employee of the DOC and the Acting Superintendent of WERDCC. She is responsible for the care and custody of the inmates housed at WERDCC. She is also responsible for carrying out the policies of WERDCC. All actions of WERDCC employees alleged here were undertaken or carried out pursuant to the policies and at the direction of Defendant Pruden and/or were ratified by Defendant Pruden. Defendant Pruden is sued in her official capacity.

11. In all actions and at all times relevant to this action, Defendant Pruden and her agents were acting under color of state law.

- 4 -

## CLASS ACTION ALLEGATIONS

12. Plaintiff Roe brings this action on behalf of herself and all others similarly situated, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Roe represents a class of persons defined as follows:

> All pregnant women who are seeking or may in the future seek non-therapeutic abortions, who need transport to the abortion appointment, and who are in the custody of Defendants at the time this Complaint is filed or who will be placed in the custody of Defendants in the future and may while in the custody of Defendants seek a non-therapeutic abortion.

13. The proposed Plaintiff Class, which includes current and future pregnant inmates in the custody of DOC whose identities are now unknown, is so numerous and fluid that joinder of all members is impracticable.

14. There are questions of law and fact common to the members of the Plaintiff Class, including whether the DOC policy denies women access to abortion in violation of the Fourteenth, Fifth and Eighth Amendments.

15. The claims of the named Plaintiff are typical of the claims of the members of the Class, because each claim asserted on behalf of the Class is asserted by Plaintiff Roe on behalf of herself.

16. The named Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff Roe has no interest that is now or may be potentially antagonistic to the interest of the Class. She seeks no relief other than the relief sought by the Class as a whole. Plaintiff Roe is represented by attorneys employed by and working in cooperation with the American Civil Liberties Union of Eastern Missouri and the Reproductive Freedom Project of the ACLU.

17. Plaintiff Roe's attorneys have experience in litigating federal court class action cases involving federal civil rights claims, including cases addressing the right to reproductive freedom and prisoner's rights.

18. Defendants have acted or refused to act on grounds generally applicable to the Plaintiff Class, thereby making appropriate injunctive and declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

19. As of the filing of the Complaint, Plaintiff Roe was approximately sixteen to seventeen weeks pregnant measured from the first day of her last menstrual period (lmp).

20. After considerable thought, Plaintiff Roe wishes to terminate her pregnancy.

21. Plaintiff, a non-violent offender, was arrested in July in California on a Missouri warrant stemming from a parole violation. She learned she was pregnant shortly after being taken into custody. She first requested access to medical services to terminate her pregnancy at this time at the correctional facility in California. However, before she could obtain the procedure, she was transported to Missouri. She arrived at WERDCC on or about August 22. Immediately upon arrival at WERDCC, Plaintiff again requested access to medical services to terminate her pregnancy, making this request to the WERDCC intake nurse. Plaintiff was told that the nurse would schedule an appointment with the OB/GYN, which Plaintiff understood to be for medical services to terminate her pregnancy. When an appointment with the OB/GYN was not forthcoming, she repeated this request to several other nurses and medical personnel at WERDCC. She repeated this request to her caseworker, Ms. Raspberry (proper spelling

- 6 -

unknown), on or about September 1, 2005, and was informed by Ms. Raspberry that she would submit the relevant paperwork to DOC.  Plaintiff specifically informed Ms. Raspberry that she was prepared to pay for the procedure herself.  Although Plaintiff is indigent, she is prepared to borrow money from family and friends.  She learned from Ms. Raspberry on about September 7, 2005 that her request for access to medical services to terminate her pregnancy was denied.  She was told by Ms. Raspberry that all requests for non-therapeutic terminations are denied "because Governor Blunt wants them denied."  Only after being told that her request was denied did Plaintiff finally see the OB/GYN, on or about September 17, 2005.  Plaintiff faces a sentence of four years, thus, Defendants' policy will force her to carry the pregnancy to term.  If so, Plaintiff would likely be separated from the child.

22.     Pursuant to its policy, WERDCC has refused to temporarily release and transport Plaintiff Roe for medical services to terminate her pregnancy.  WERDCC has also refused to pay for Plaintiff Roe's procedure and the related costs, including transportation and security.  WERDCC does not deny medical services access or transportation and security to other persons similarly situated in need of medical treatment.

23.     Before filing this action, on October 5, 2005, Plaintiff's Counsel spoke by phone with WERDCC Assistant Superintendent Bob Capowski who referred to Plaintiff's files and then informed Counsel that she will not be transported to her appointment because of a "directive from the central office" and a DOC policy prohibiting WERDCC inmates from accessing medical services to terminate their pregnancies or WERDCC from transporting prisoners for such procedures.  Counsel was advised that this directive originated with the Office of the Defendant

- 7 -

Director. Counsel has attempted to contact DOC Counsel Daniel Gibson by phone since first speaking with Plaintiff on Wednesday, October 05, 2005. Counsel has left numerous messages on DOC Counsel's voicemail system, and with Counsel's staff. None of these calls have been returned except a message to obtain the service address and facsimile number of Mr. Gibson. *See* Declaration of James G. Felakos.

24. On October 7, 2005, Counsel delivered via facsimile a demand letter attempting to resolve Plaintiff's situation without litigation. *See* Exhibit 1 to Declaration of James G. Felakos. Counsel has received no response.

25. On information and belief, the nearest clinic that performs medical services to terminate pregnancy at Plaintiff's stage of pregnancy is Reproductive Health Services of Planned Parenthood of St. Louis located at 4251 Forest Park Avenue, St. Louis, MO 63108.

26. On information and belief, at Reproductive Health Services, at this stage of Plaintiff's pregnancy, procedures are only performed on Fridays. Reproductive Health Services is available to perform medical services to terminate Plaintiff's pregnancy on October 14. If the procedure cannot be performed as a one-day procedure, it can be performed on October 14 and continuing on October 15.

27. Prior to the current administration, and as recently as 2004, inmates were routinely escorted to Planned Parenthood of St. Louis for the purposes of this medical procedure. *See* Declaration of Sharon Tobin. Inmates were escorted by two guards who were able to remain with the inmate the entire time, except during the actual procedure (during which they were stationed immediately outside the room). *Id.* When circumstances required, a guard could remain

during the procedure. Planned Parenthood arranged for the procedures to occur in a private room apart from their regular clientele. *Id.*

28. If Defendants continue to refuse to provide Plaintiff with access to medical services to terminate her pregnancy, by the time her pregnancy advances another one to two weeks, she will no longer be able to terminate via a one-day procedure. *See* Declaration of Sharon Tobin.

29. If Defendants continue to refuse to provide Plaintiff with access to medical services to terminate her pregnancy, by the time her pregnancy advances to 22 weeks, she will no longer be able to obtain such a procedure anywhere in the State of Missouri. *See* Declaration of Sharon Tobin.

30. Plaintiff is indigent. She cannot pay for the medical services required to terminate her pregnancy herself but is willing to borrow funds from family and friends if necessary to obtain the procedure. Plaintiff is unable to pay for the transportation and security costs necessary to obtain medical services to terminate her pregnancy, which costs would be prohibitive if she were required to pay them, effectively denying her access to the medical procedure.

31. Defendants' denial of assistance in obtaining access to medical services to terminate her pregnancy has already delayed Plaintiff's procedure. Plaintiff's initial request for the procedure in Missouri was made on August 22. Plaintiff was made to wait for an OB/GYN appointment for three weeks. Subsequent to learning of the denial, Plaintiff had to seek counsel to obtain assistance obtaining the procedure. Plaintiff's complaint reached this office on September 29. Counsel arranged a conference call with Plaintiff as soon as one could be held.

This call occurred on Wednesday, October 05, 2005. Since her incarceration in Missouri, Plaintiff's access to medical services to terminate her pregnancy has been delayed for six weeks.

32. Although medical procedures to terminate pregnancy are extremely safe, the risk of medical complications from termination increases significantly with delay. Thus, the delay Plaintiff has already endured will subject her to increased risks in the procedure, which will only increase with any additional delay.

33. If Defendants are permitted to enforce the policy so as to deny Plaintiff's constitutional right to terminate her pregnancy, Plaintiff will be forced to carry her unwanted pregnancy to term.

34. Unwanted pregnancy and childbearing cause severe mental distress. For a woman inmate who is already separated, often by great distances, from her customary support system of family and friends, the effects are aggravated. Plaintiff, for example, has already suffered anxiety and depression because of the prison's obstruction of her efforts to terminate her pregnancy. She feels that continuation of the pregnancy would be unbearable.

35. Forced childbearing is particularly cruel for inmates who must deliver a child only to part with it for an extended period of time if not permanently.

36. On information and belief, WERDCC provides medical care for serious medical needs other than termination of pregnancy for all inmates, including the costs of prenatal care and childbirth for those pregnant inmates who choose to carry to term, and transportation to necessary medical facilities.

37. The harms Defendants impose on Plaintiff, and other similarly situated inmates, by virtue of their policy of prohibiting access to medical services to terminate her pregnancy are not justified by any legitimate penological objective or any other governmental interest.

38. In denying access to medical services to terminate pregnancy to pregnant inmates, Defendants have demonstrated, and continue to demonstrate, deliberate indifference to the serious medical needs of Plaintiff, and others similarly situated.

### FIRST CLAIM FOR RELIEF
(Fifth and Fourteenth Amendment; 42 U.S.C. §1983: Due Process)

39. The allegations of paragraphs 1 through 38 are incorporated as though fully set forth here.

40. By forcing Plaintiff, and other similarly situated inmates, to carry an unwanted pregnancy to term, and by delaying termination of the pregnancy to the detriment of their health, Defendants violate, and threaten to continue violating, the right of reproductive choice guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF
(Eighth and Fourteenth Amendment; 42 U.S.C. §1983: Denial of Medical Care)

41. The allegations of paragraphs 1 through 38 are incorporated as though fully set forth here.

42. Defendants know that the effect of the prison policy is to prevent Plaintiff, and others similarly situated, from obtaining medical services necessary to terminate her pregnancy.

43. By forcing Plaintiff, and others similarly situated, to carry an unwanted pregnancy to term, and by delaying the procedure to the detriment of their health, Defendants impose cruel

- 11 -

and unusual punishment in violation of the Eighth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

**EMERGENCY AND PERMANENT INJUNCTIVE RELIEF**

44. Plaintiff Roe requests emergency injunctive relief to prevent imminent, irreparable harm. At Plaintiff Roe's stage of pregnancy, the medical risks of a termination of pregnancy increase every day that the procedure is delayed. If Defendants continue to deny Plaintiff Roe access to medical services to terminate her pregnancy, Plaintiff Roe's pregnancy will advance within one to two weeks to the point where she will no longer be able to terminate her pregnancy as part of a one-day procedure, thereby increasing the health risks to and burden on her associated with the procedure. In addition, if Defendants continue to deny Plaintiff Roe access to medical services to terminate her pregnancy, Plaintiff Roe's pregnancy will advance within weeks to the point where she will no longer be able to obtain a termination of pregnancy, thereby irrevocably depriving her of her constitutional right to choose to terminate her pregnancy. Without immediate intervention from this Court, she will be forced to carry her pregnancy to term. In addition, Plaintiff on behalf of the Class, seeks permanent injunctive relief restraining Defendants from enforcing the ban on inmate's access to non-therapeutic abortion services and requiring Defendants to revise the challenged policy to ensure that pregnant women who choose to terminate their pregnancy have access to appropriate medical services.

## DECLARATORY RELIEF

45.     An actual and immediate controversy exists between Plaintiff and Defendants. Plaintiff Roe is entitled to a declaration of rights with respect to this controversy. Without such a declaration, Plaintiff Roe will be uncertain of her rights and responsibilities under the law.

## ATTORNEYS' FEES

46.     If Plaintiff prevails in this action, she is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court grant:

1. An order assuming jurisdiction over this matter and granting class certification pursuant to a Motion simultaneously filed with this Complaint.

2. A declaratory judgment holding unconstitutional Defendants' policy of denying prisoners access to medical services to terminate pregnancy;

3. An temporary restraining order and/or preliminary injunction requiring the Defendants to immediately transport Plaintiff Jane Roe to a local health care provider, preferably Planned Parenthood of St. Louis, at a scheduled appointed time for the purpose of providing medical services to terminate her pregnancy, including, but not limited to any necessary counseling, education, surgery, and follow-up services;

4. Injunctive relief preliminarily and permanently restraining Defendants from enforcing the ban on inmate's access to non-therapeutic abortion services and requiring Defendants to revise the challenged policy to ensure that pregnant women who choose to terminate their pregnancy have access to appropriate medical services.

5. An award to Plaintiff of attorneys' fees, costs and any other relief that this court may deem just and proper.

6. Such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/Thomas M. Blumenthal*
Thomas M. Blumenthal, MBEN 25601, E.D. Mo 2652
165 North Meramec Ave, Sixth Fl
St. Louis, MO 63105
Telephone No. 314-727-2266
Facsimile No. 314-727-2101
E Mail: tblumenthal@pcblawfirm.com
COOPERATING ATTORNEYS FOR ACLU/EM
COUNSEL FOR RESPONDENT JANE ROE

James G. Felakos, MBEN 56356, Federal Bar # JF6965
Staff Attorney, American Civil Liberties Union of Eastern Missouri
4557 Laclede Ave
St. Louis, MO 63108
Telephone No. 314-361-3635
Facsimile No. 314-361-3135
E Mail: jim@aclu-em.org
COUNSEL FOR RESPONDENT JANE ROE

Diana Kasdan*
Jennifer Nevins*
Talcott Camp*
Chakshu Patel*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Telephone No. 212-549-2633
Facsimile No. 212-549-2652
E mail: dkasdan@aclu.org
      jnevins@aclu.org
      tcamp@aclu.org
      cpatel@aclu.org
COUNSEL FOR RESPONDENT JANE ROE
* Petition for Admission Pro Hac Vice Pending

**CERTIFICATE OF SERVICE**

- 14 -

The undersigned hereby certifies that on October 19, 2005, he electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system for service on the following:

Michael Pritchett
Missouri Assistant Attorney General
Missouri Office of the Attorney General
207 West High Street
Jefferson City, Missouri 65102
FAX: 573-751-9456
EMAIL: mike.pritchett@ago.mo.gov

                                                  */s/Thomas M. Blumenthal*