IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JANE ROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05-4333-CV-C-DW |
| LARRY CRAWFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF CLASS'S MOTION FOR ATTORNEYS' FEES**

Defendants Crawford and Prudden, through counsel, oppose plaintiffs' request for attorneys' fees as follows:

Defendants first state that the request for fees is premature. They have now filed their notice of appeal in this case. If successful on appeal, the plaintiff class will have no entitlement to attorneys' fees. The decision as to plaintiffs' request for fees should be held in abeyance until the appeal has been resolved.

In the event the Court decides it is appropriate to rule on plaintiffs' request for fees at this stage, however, defendants provide the following response. Prevailing parties on claims brought under 42 U.S.C. § 1983 may apply for an award of attorney's fees. 42 U.S.C. § 1988. The plaintiffs in this case have been successful (to this point any way) in that they have obtained a declaration that the Department of Corrections policy of not transporting inmates for nontherapeutic abortions violates the United States Constitution. As noted, this ruling is now on appeal. If it is not reversed, then plaintiffs will be prevailing parties.

Even assuming plaintiffs have crossed this statutory threshold while the appeal is pending, the burden is on the plaintiffs to establish that their request for attorneys' fees is reasonable. *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1939 (1983); *see also Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). Calculation of what is reasonable begins with the "lodestar" i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 103 S. Ct. at 1939. Lawyers requesting the award of fees are to exercise "billing judgment" to ensure a reasonable fee is requested. *Id*. at 1939-40. They are to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id*.

The party moving for fees has the burden of providing documentation in support of the fee request. *Id.* at 1939. Where the documentation is inadequate, the court may reduce the fee accordingly. *Id*. Lawyers are "not required to record in great detail how each minute of [their] time was expended. But at least counsel should identify the general subject matter of [the] time expenditures." *Id.* at 1941 n.12. Inadequate documentation makes it impossible for the opposing party, as well as the Court, to verify the reasonableness of a fee request, both as to the necessity of particular legal work and as to the amount of time expended on that task. *In re Espy*, 346 F.3d 199, 204 (D.C. Cir. 2003).

Plaintiffs' lawyers here have provided no documentation supporting their claim for fees. They simply provide a total number of hours each lawyer, or legal assistant, says he or she has worked. Thus, defendants have no ability to scrutinize plaintiffs' lawyers' time to determine whether they think that time was reasonably expended. The Court will also be unable to make its own such assessment of reasonableness as it is to do under *Hensley*. Plaintiffs' request for fees could be denied for this reason alone. At a minimum, plaintiffs' counsel should be directed to provide documentation of their time, so that it may be examined. A client would be entitled to an accounting of time and an opposing party should be entitled to no less when being asked to pay fees under a fee-shifting statute.

What can be determined from the total hours claimed is that, in all, plaintiffs' lawyers are seeking payment for 703.85 hours, plus whatever Mr. Felakos may request. Just the time currently submitted converts into over 17 ½ weeks of work (just over 1/3 of year). This is excessive on its face for a case that involved early work with regard to preliminary injunctive relief, seven depositions taken over five different days, and resolution through cross motions for summary judgment. Plaintiffs' motion for summary judgment was voluminous, but that, together with the other items filed and work performed did not merit expending the time billed.

It can also be determined that plaintiffs' attorneys "over-lawyered" the depositions in the case. Four counsel attended three of the depositions and three counsel attended three of the other depositions. Two in attendance would have been more than enough.

The rates claimed by plaintiffs' lawyers are also excessive. Although Ms. Camp asks for $350.00 per hour, just two years ago she was allowed only $175.00 per hour in *Rhode Island Medical Society v. Whitehouse*, 323 F. Supp. 2d 283, 294-95 (D.R.I. 2004). Ms. Camp should be permitted no more than $200.00 per hour, which is a reasonable increase to cover inflation over the last two years. Further, Ms. Camp's proposed hourly rate in this case is the highest of all the other lawyers. None of the other lawyers should be permitted rates higher than $200.00 per hour that is the most that is reasonable for Ms. Camp.

Ms. Kasdan and Ms. Patel graduated from law school only five years ago, and Ms. Nevins graduated from law school eight years ago. Their hourly rates should be adjusted downward somewhat to account for their lesser experience.

Ms. Hutchings, a legal assistant, is noted as performing drafting and filing duties. Filing, however, is a clerical duty that should be included in overhead, or at least compensated at a lesser rate than assistance on legal work. *See Missouri v. Jenkins*, 109 S. Ct. 2463, 2472 n.10 (1989). Since there is no accounting of how much time Ms. Hutchings spent on legal versus clerical tasks, her hourly rate should be reduced generally.

If this Court decides that an award of fees can and should be made now, defendants contend that the hours claimed by each lawyer should be reduced by at least 2/3 and that the hourly rates of the lawyers should be reduced to no more than $200.00 per hour (and somewhat less for the less experienced lawyers). Defendants propose the following calculations:

| Lawyer or Legal Assistant | Hours Reduced by 2/3 | Rate | Total |
|---|---|---|---|
| Thomas M. Blumenthal | 36.4 | $200.00 | $ 7,280.00 |
| Diana Kasdan | 100.6 | $185.00 | $18,611.00 |
| Chakshu S. Patel | 60.8 | $185.00 | $11,248.00 |
| Jennifer Mcallister-Nevins | 5.7 | $190.00 | $ 1,083.00 |
| Talcott Camp | 7.7 | $200.00 | $ 1,540.00 |
| Susan W. Hutchings | 23.5 | $ 75.00 | $ 1,762.50 |
| **Total** | | | $41,524.50 |

If the Court does determine fees now, defendants request that payment of any such fee award be stayed pending the appeal in this case.

WHEREFORE, defendants pray that this Court to hold plaintiffs' request for fees in abeyance until the appeal in this case is complete; alternatively, defendants pray this Court to deny plaintiffs' motion for attorneys' fees; alternatively, defendants pray this Court to direct plaintiffs' lawyers to provide an itemization of their hours spent in work on this case with descriptions of the nature of the work performed.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

*/s/ Michael Pritchett*

MICHAEL PRITCHETT
Assistant Attorney General
Missouri Bar No. 33848

*/s/ Emily A. Dodge*

Emily A. Dodge
Assistant Attorney General
Missouri Bar No. 53914

P.O. Box 899
Jefferson City, MO 65102
Phone No. (573) 751-3321
Fax No. (573) 751-9456

ATTORNEYS FOR DEFENDANTS
CRAWFORD AND PRUDDEN

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Thomas M. Blumenthal
165 North Meramec Ave., Sixth Floor
St. Louis, MO  63105

James G. Felakos
American Civil Liberties Union of
    Eastern Missouri
4557 Laclede Avenue
St. Louis, MO  63108

Diana Kasdan
Jennifer Nevins
Talcott Camp
Chakshu Patel
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004

      /s/ *Michael Pritchett*
      Assistant Attorney General