IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANE ROE individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LARRY CRAWFORD, et al.,<br><br>    Defendants. | CIVIL ACTION No. 05-4333-CV-C-DW<br><br>**PLAINTIFF CLASS' REPLY TO DEFENDANT'S OBJECTIONS TO PLAINTIFF CLASS' MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS** |

  The Plaintiff Class in response to Defendants' Suggestions in Opposition [Document No. 94] to Plaintiffs' Motion for Attorney Fees [Document No. 89], and Defendants' Objection [Document No. 93] to Plaintiffs' Bill of Costs [Document No. 90] submits the following Reply.

  Defendants commence their objections by stating that the application for fees is premature because the State has filed an appeal. This argument does not hold weight for two reasons. The first is that a Notice of Appeal does not affect or diminish the fact that this Court determined Plaintiffs to be the prevailing party. The Court granted Plaintiffs' Motion for Summary Judgment disposing of the entire case by granting the complete relief sought by Plaintiffs. The Notice of Appeal is neither a stay of that judgment nor any indication of a negative disposition expected in the Eighth Circuit. Equally important is that Federal Rule of Civil Procedure 54(d)(2)(B) compelled Plaintiffs to file the application at this time. This rule exists in part, undoubtedly, so that the Court may review the application while the case is still fresh in the Court's mind, instead of months, or years, down the road after appeal. But

regardless of the purpose of the Rule, the Rule exists and Plaintiffs cannot ignore it without leave of Court.

Significantly, Defendants do not quarrel with the basic principle that Plaintiffs are prevailing parties. Plaintiffs prevailed in their request to permanently enjoin Defendants' policy of prohibiting pregnant women incarcerated in the Missouri penal system from exercising their constitutional right to choose to terminate a pregnancy. Defendants' policy interfered with this right by refusing to transport the Plaintiff Class to a medical provider in order to obtain the medical procedure necessary to effectuate the right. Plaintiff Class therefore successfully performed the important public purpose of protecting and clarifying constitutional rights. Milton v. City of Des Moines, Iowa, 47 F.3d 944 (8th Cir. 1995), cert. den. 516 U.S. 824 (1995).

Plaintiffs indeed prevailed on every contention raised in this lawsuit. In doing so, Plaintiffs were required to respond to three motions to stay the temporary restraining order issued by this Court, including a very temporary stay issued by the United States Supreme Court, which required submitting a response to a Friday night 10:00 p.m. order by Saturday morning at 8:00 a.m. Plaintiffs were also required to brief and respond to challenges to their motion for Class certification and to an Eighth Circuit Order to Show Cause on Defendants' appeal which also challenged the temporary restraining order. Finally, Plaintiffs were required to sift through large amounts of documents and depose a number of State officials to challenge the security and budget claims that Defendants alleged as justification for implementing the Policy in question. In the face of such complete and repeated success, and such strenuous resistance and opposition, the prospect of the current appeal as a reason to delay issuing a fee award is hardly compelling. The argument that the time spent was not commensurate with the success achieved is also unpersuasive in light of these facts.

Defendants complain that there were multiple attorneys representing the Plaintiff Class on the case, and allege excessive, redundant and otherwise unnecessary billing. Plaintiffs, however, did not file the motions to stay, the appeal or the challenge to class certification. They did not create the State's alleged interest in security or *de minimus* argument of budgetary restriction as affirmative reasons to support the policy. Plaintiffs could not leave these defenses to stand without response, nor could they have demonstrated the undisputed lack of support for such defenses without the time expended on discovery.

Time spent on pretrial motions are appropriately included in fee applications, <u>Paschall v. Kansas City Star Company</u>, 695 F.2d 322, 336-337 (8th Cir. 1982); as is time expended in discovery. <u>Bruno v. Western Electric Company</u>, 618 F. Supp. 398 (D. Col. 1985). The time of actively participating second trial counsel should be compensated, <u>Delph v. Dr. Pepper Bottling Company of Paragould, Inc.</u>, 130 F.3d 349, 358-359 (8th Cir.1997); and there is nothing inherently unreasonable about having multiple attorneys work on a complex case provided that they are not unreasonably doing the same work. <u>A.J. by L.B. v. Kierst</u>, 56 F.3d 849, 863-864 (8th Cir. 1995)(limiting recovery to the time on one lawyer was an abuse of discretion). Nor is the practical use of a legal assistant billed at market rates inappropriate. <u>Missouri v. Jenkins ex rel. Agyei</u>, 491 U.S. 274, 288 (1989). Yet all of these practices are ones about which Defendants complain.

Defendants complain that the time billed was unsupported by appropriate documentation. Again, Plaintiffs are being damned for following the rules of court. Federal Rule of Civil Procedure 54(d)(2)(B), only demands a "fair estimate of the amount sought" prior to an invitation by the Court for supporting documentation. Plaintiffs attach to this Reply, however,

detailed billing statements for each counsel involved, in Exhibit 1 through 6.[1] In addition, the Court can properly consider the following:

Mr. Blumenthal oversaw the litigation from the prospective of an attorney with thirty years of litigation experience. Since 1975, even while still in law school, he has been involved in the defense of the Constitution and prosecuting civil rights challenges to illegitimate actions of the State. See McQueen v. Wyrick, 542 S.W.2d 778 (Mo. 1976) (unlawful detainer criminal case argued to the Missouri Supreme Court by the undersigned); Beaver v. Chaffee, 2 Kan. App.2d 364, 579 P.2d 1217 (Kan App. 1978)(successful challenge to unlawful prison conditions in a County jail). In this case, Mr. Blumenthal reviewed all pleadings filed and assured the proper presentation of the Plaintiffs' position to all courts addressed. Mr. Blumenthal argued all motions before the Court, directed the response to the United States Supreme Court, where he is a member of that Bar, and deposed the key defense witnesses of the State: Defendant Crawford and his assistant Steve Long.[2]

Ms. Kasdan is a member of the American Civil Liberties Union Reproductive Freedom Project, where she has been a litigator since 2002, specializing in complex constitutional litigation. All of her time is spent immersed in the defense of constitutional rights in this specific and difficult area of the law. Specifically, her responsibilities include coordinating cases involving the right to access reproductive health care in prison and to insure consistency with nation-wide approaches to this issue. In this case, she assumed the laboring oar of drafting most of the pleadings filed after the initial motion for temporary restraining order, and coordinating

---

[1]    Counsel previously has submitted these detailed statements and statements of costs to Counsel for Defendants in an effort to resolve this matter. While a good faith attempt was made to compromise, that effort was ultimately not successful.

between her Project, the local ACLU Affiliate which commenced the case, the client Class and Mr. Blumenthal. She deposed two key witnesses of the State, and second chaired the deposition of others. She was responsible for arranging the deposition schedule, which was not an easy task since the medical service director for the State, Elizabeth Conley, was initially less than cooperative with both Ms. Kasdan and counsel for the State in responding to the request for deposition. She was also responsible for retaining the expert witness engaged by the Plaintiff Class, whose retention was instrumental in allowing the Plaintiff Class to support its position on Summary Judgment.

Ms. Patel, while young as an attorney, has clerked for a United States District Court Judge (as has Ms. Kasdan), worked in private practice, and was until recently a staff attorney fellow for the ACLU reproductive Freedom Project specifically retained to focus on issues such as the one at bar. (She has now returned to private practice.) She was responsible for much of the research on this case, and for reviewing all of the voluminous documentation produced by the State, and weeding out the wheat from the chaff. She also deposed certain of the State witnesses.

Mr. Felakos was responsible for the initial intake of the case, the continued monitoring of the Class members and the traveling required to meet with them and keep them informed, the initial drafting of the Complaint , the Motion for Temporary Restraining Order and the Response to Defendants' Motion to Stay or Suspend pending appeal, the frustrating attempts to contact the State pre-filing, the coordination with Planned Parenthood (the medical provider), and assistance in the drafting process of subsequent briefs. He also participated in each of the hearings with the Court as second chair to Mr. Blumenthal.

---

2   More complete details of the qualifications and experience of Mr. Blumenthal and each of the counsel for Plaintiff Class are outlined in Plaintiffs' initial fee application and on the attachments.

Ms. Camp was involved in exercising supervisory responsibility over her staff at the Reproductive Freedom Project, where she is Deputy Director. She has extensive experience in reproductive rights, having conducted complex constitutional litigation in this area for over ten years. She has contributed both review and strategic thinking to the approach taken by counsel to this case.

Ms. McAllister–Nevins is the State Strategies Attorney for the Reproductive Freedom Project. She also brought to this case her prior experience with the criminal justice system as a criminal defense lawyer at the Legal Aid Society. She lent her experience and knowledge to the team to tap into resources, suggest strategy, and review pleadings and other material.

Ms. Hutchings is legal assistant to Mr. Blumenthal. She has worked with him for over twenty-one years and is skilled at performing tasks which would otherwise require attorney time in terms of certain preparation of pleadings and contact with the Court. She arranged for court reporters and service of subpoenas involved in the depositions, arranging logistics for counsel, insuring transcripts were received in readable formats, and organizing exhibits to be filed with the Court in the Summary Judgment Motion. Her time was not clerical in nature, as that time was eliminated from the billing before filing.

The billing for this team has also been adjusted to avoid duplication. No more than two lawyers billed time for any one deposition. Mr. Blumenthal deliberately did not attend many of the depositions to avoid inflating costs. Each of the time keepers has reduced the bill by a certain percentage. Mr. Blumenthal has a regular practice of not recording time he does not believe is billable for a project, so his reductions are not reflected in the billing. Ms. Hutchings time has been reduced by 20.1% from the original estimate made to the court. Ms. Kasdan's time billed reflects a reduction on the statement of 21.4% from her actual time expended. Likewise, Ms.

Patel's time reflects a reduction of 23.5 %; Mr. Felakos' time reflects a reduction of 22.9 % ; Ms. Camp has reduced her time by 32.4 %; and Ms. McAllister-Nevins has reduced her time by 42.4%.

Counsel has also reduced the hourly rates of Ms. Patel and Mr. Felakos to better reflect the difference in overall experience. New York Counsel and Mr. Felakos are billed at rates which reflect the standard of large law firms in the St. Louis area and their unique experience in this area of the law, a rate structure with which Mr. Blumenthal is intimately familiar in his everyday practice. The rates for Mr. Blumenthal and Ms. Hutchings are actual market rates their clients are currently charged, which are deliberately set by his firm at levels below the market for the benefit of the firm's client base.

This produces a final billing request as follows:

| | | |
|---|---|---|
| Thomas M. Blumenthal | 111.0 hours @ $300.00/hr = | $33,300.00 |
| Diana Kasdan | 301.8 hours @ $285.00/hr = | $86,013.00 |
| Chakshu S. Patel | 182.45 hours @ $250.00/hr = | $45,612.50 |
| Jennifer McAllister-Nevins | 17.0 hours @ $325.00/hr = | $ 5,525.00 |
| Talcott Camp | 23.0 hours @ $350.00/hr = | $ 8,050.00 |
| James G. Felakos | 105.3 hrs @ $200.00/hr = | $21,060.00 |
| Susan W. Hutchings | 56.3 hrs@ $ 95.00/hr = | $ 5,348.00 |
| TOTAL | | $ 204,909.00 |

Defendants claim that the time billed is just over one-third of a year (which claim makes the unrealistic assumption that lawyers on such complex cases work only 40 hour weeks). Yet the case was filed in October of 2005, and concluded in July of 2006. That time span is over two thirds of one year for one attorney. But the courts have emphatically stated that such a

mathematical analysis is inappropriate. See, cases cited above. The State is hard pressed to argue the case was "over-lawyered." As explained above, tasks were divided according to experience and necessity. Counsel did not double bill, and did not bill for any more than lead counsel and second chair on any one deposition. All billing is in fact less than the community standard for large complex litigation of this type.

Defendants proposed reductions in rates and hours are completely arbitrary and without any support whatsoever. Mr. Blumenthal has over the years always been paid his market rate by courts in both the Eastern and Western District of Missouri, as well as other federal courts in other states. Defendants attempt to calculate "inflation" to justify their hourly rate proposals, but fail to provide any support for how rates, such as Ms. Camp's in the locale of Rhode Island reflected in an order of two years ago (which in fact reflected rates which existed several years prior to the 2002 order)[3], compare to St. Louis two years ago, let alone current St. Louis rates. Ms. Camp has an expertise which justifies her rate compared to the St. Louis market, and Defendants should not benefit because Mr. Blumenthal has not upwardly adjusted his below-market rate, but chooses to honestly charge the State what he charges others. Plaintiffs note that Defendants did not deign to dignify their argument with their own time records to justify claims of excess, even though that is not necessarily a test of the reasonableness of Plaintiffs' counsels hours.

The analysis is whether the rate is in line with those prevailing in the community for comparable services of lawyers with reasonably comparable skills, experience and reputation. Blum v. Stenson, 465 U.S. 886, 895-896 (1984). The fact that not-for-profit counsel is engaged does not affect this analysis. Id. at 895. The Court is well familiar with rates in both St. Louis

---

[3] Rhode Island Medical Society v. Whitehouse, 323 F. Supp. 283 (D.R.I. 2004).

and Kansas City, having lawyers from both markets appear in front of the Court regularly, and is the best judge of what is reasonable without input from the State or other sources. The hourly rate charged for complex constitutional litigation should compare to that of other cases, such as complex anti-trust litigation. Hensley v. Eckerhart, 461 U.S. 424, 431, n.4 (1983).

The Eighth Circuit has previously affirmed rates of up to $350.00 per hour in this Circuit. Fish v. St. Cloud State Univ., 295 F.3d 849 (8th Cir. 2002). District court cases of similar complexity abound with even higher rates. In light of any examination of the case law in this area, these rates are modest at best. Plaintiffs have not asked for any multiplier above the lodestar, which they could easily justify. The complexity of the case, the quality of representation, the risk of no compensation, the hours expended in a short period of time responding to the strenuous resistance of the opponent, the time spent away from other work (for fee paying clients in Mr. Blumenthal's case), and the result received all argue in favor of granting 100% of the fees sought.

Defendants also question the costs sought, particularly the copying costs and the conference call costs. By and large, these costs are either market rates (copying), or direct pass-through costs (conference call) without mark-up. Plaintiffs have attached back-up for these costs as Exhibit 7.

The courts have held that recoverable expenses include all out-of pocket costs and expenses. Neufeld v. Searle Laboratories, 884 F.2d 335, 342 (8th Cir. 1989). These include costs normally charged to fee-paying clients. Laffey v. Northwest Airlines, 746 F.2d 4, 30 (D.C. Cir. 1984).

- 9 -
Case 2:05-cv-04333-DW   Document 98   Filed 09/26/06   Page 9 of 11

For these reasons, Plaintiffs believe they are entitled to an award of $ 204,909.00 in fees, $3,197.95 in non-taxable costs expended by Counsel including travel, and $4,181.10 pursuant to the verified bill of costs previously filed.

Respectfully submitted,

/s/ **Thomas M. Blumenthal**
Thomas M. Blumenthal, MBEN 25601, EDMo 2652
165 North Meramec Ave, Sixth Fl
St. Louis, MO 63105
Telephone No. 314-727-2266
Facsimile No. 314-727-2101
E Mail: tblumenthal@pcblawfirm.com
COUNSEL FOR PLAINTIFF CLASS &
COOPERATING ATTORNEY FOR
American Civil Liberties Union of Eastern Missouri
4557 Laclede Ave
St. Louis, MO 63108

Diana Kasdan*
Talcott Camp*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Telephone 212 549-2633
Facsimile No. 212-549-2652
E mail: dkasdan@aclu.org
     cpatel@aclu.org
     tcamp@aclu.org
     jnevins@aclu.org
COUNSEL FOR PLAINTIFF CLASS

James G. Felakos*, MBEN 56356, Federal Bar # JF6965
4557 Laclede Ave
St. Louis, MO 63108
Telephone No. 314-361-3635
Facsimile No. 314-361-3135
E Mail: jim@aclu-em.org
COUNSEL FOR PLAINTIFF CLASS &
COOPERATING ATTORNEY FOR
American Civil Liberties Union of Eastern Missouri

*Admitted to the W. D. MO Pro Hac Vice

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on the _26th__ of September, 2006, he electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system for service on the following:

                              Michael Pritchett
                              Missouri Assistant Attorney General
                              Missouri Office of the Attorney General
                              207 West High Street
                              Jefferson City, Missouri 65102
                              FAX: 573-751-9456
                              EMAIL: mike.pritchett@ago.mo.gov

                              /s/***Thomas M. Blumenthal***